```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN SALVATORE D'AQUILA, SR.,                MEMORANDUM & ORDER
                                             10-CV-2288 (JS)(ARL)
              Plaintiff,

     -against-

ELIZABETH RUTH D'AQUILA,
KIM ENGLEHARDT, THOMAS ENGLEHARDT
and ISLAND FEDERAL CREDIT UNION,

              Defendants.
----------------------------------X
```
APPEARANCES:
For Plaintiff:      Fredric B. Goodman, Esq.
                    Margaret J. Leszkiewicz, Esq.
                    Marin Goodman, LLP
                    40 Wall Street, 57th Floor
                    New York, NY 10005

For Defendants:

Elizabeth D'Aquila  Evan H. Krinick, Esq.
                    Pia Elena Riverso, Esq.
                    Rivkin Radler LLP
                    926 EAB Plaza
                    Uniondale, NY 11556

Englehardt Defs.    Michael F. Martino, Esq.
                    Eric Brian Bailey, Esq.
                    Stein, Bliasblias, McGuire, Pantages & Gigl
                    354 Eisenhower Parkway
                    PO Box 460
                    Livingston, NJ 07039

Island Federal      Roger A. Goodnough, Esq.
Credit Union        Torre, Lentz, Gamel, Gary & Rittmaster, LLP
                    100 Jericho Quadrangle, Suite 309
                    Jericho, NY 11753-2702

SEYBERT, District Judge:

          Pending before the Court are Defendants' motions to
dismiss or, in the alternative, stay this action pending

resolution of a previously filed state action. For the following reasons, that motion is GRANTED insofar as this case is now STAYED.

BACKGROUND

In November 2009, Plaintiff John Salvatore D'Aquila, Sr., commenced a matrimonial action in South Carolina Family Court against Defendant Elizabeth D'Aquila ("Family Court Action"). In the Family Court Action, Plaintiff seeks an equitable distribution of marital assets, under South Carolina's Equitable Apportionment of Marital Property Act. (Ms. D'Aquila Opp. Br. Ex. E at ¶¶ 11-14.) In addition, Plaintiff alleges that Defendant Elizabeth D'Aquila "transferr[ed] and withdr[ew] marital monies from [marital] bank accounts and mov[ed] the money into separate accounts with her name and names of some of our children and her sister." (Id. Ex. F. at ¶ 3.) Specifically, Plaintiff claims that Ms. D'Aquila: (i) added a password to marital accounts at Island Federal Credit Union that he didn't know, thereby locking him out of the accounts; (ii) added the couple's daughter, Kim Englehardt, to an account without his knowledge or consent; and (iii) together with Ms. Englehardt, transferred approximately $110,000 out of the accounts. (Id. ¶¶ 33-40.)

Six months later, Plaintiff commenced this action. Like the Family Court Action, this action seeks relief based on

Ms. D'Aquila's handling of the Island Federal Credit Union marital accounts, including adding a password, adding Ms. Englehardt has a joint owner, and withdrawing substantial sums, all without his knowledge and consent.  However, whereas the Family Court action names only Ms. D'Aquila as a Defendant, this action adds additional Defendants: Ms. Englehardt, her husband Thomas Englehardt, and the Island Federal Credit Union.  In addition, this action asserts additional theories of liability not expressly pled in the Family Court Action, including conversion, negligence, breach of fiduciary duty, and statutory claims under the New York State Banking Law, the New York State General Business Law, and the Federal Credit Union Act.

On November 23, 2010, Ms. D'Aquila moved to dismiss or stay this action under the Colorado River abstention doctrine.  The remaining Defendants then filed short "me too" letter motions that adopted Ms. D'Aquila's arguments.

DISCUSSION

I. Standard of Review

Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), and its progeny, set forth the standards governing abstention when "state and federal courts exercise concurrent jurisdiction simultaneously."  Gregory v. Daly, 243 F.3d 687, 702 (2d Cir. 2001).  Under this authority, "the mere fact that parallel

3

proceedings are pending in state court is insufficient to justify abdicating the 'virtually unflagging obligation,' to exercise federal jurisdiction." Id. (quoting Colorado River). Rather, to justify abstention, there must be "exceptional circumstances," such as when "the resolution of existing concurrent state-court litigation could result in "comprehensive disposition of litigation." Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001) (quoting Colorado River).

In determining whether Colorado River abstention applies, the court should consider (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. Id. "No one factor is necessarily determinative." Id. (citations and quotations omitted). Instead, a "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id.

4

II. Examination of the Colorado River Factors Warrants a Stay, but not Dismissal

Here, most of the Colorado River factors strongly favor Defendants' motions. First, this action involves a res, the marital bank accounts at Island Federal Credit Union, that the Family Court Action has already assumed jurisdiction over. This is because "the state court's disposition of the marital assets at issue will have a profound impact" on whether Ms. D'Aquila, or anyone else, improperly converted Mr. D'Aquila's property. See Moss v. Moss Tubes, 96-CV-1407, 1997 U.S. Dist. LEXIS 13352, at *7 (N.D.N.Y Aug. 18, 1997).

Second, staying or dismissing this action will avoid piecemeal litigation, in that it will avoid two courts simultaneously adjudicating ownership of the marital bank accounts, leading to potentially conflicting decisions. See Boronow v. Boronow, 71 N.Y.2d 284, 290-91, 525 N.Y.S.2d 179 (N.Y. 1988) (all claims concerning marital property should be brought in one proceeding, because "[f]ragmentation in this area would be particularly inappropriate and counterproductive" resulting in an "inevitable cloud on titles [that] should also not be allowed to hang over the alienability of the property.").

Third, Plaintiff commenced the Family Court Action six months before he instigated this suit, and the parties have

already begun discovery there. Conversely, this action is in its infancy.

And fourth, South Carolina matrimonial law likely provides the rule of decision, or at least will strongly influence the resulting decision. Plaintiff's fundamental claim in this litigation is that Defendants converted his property interest in the marital bank accounts. But, to the extent that the Family Court Action ultimately finds that the marital bank accounts belonged to Ms. D'Aquila, Mr. D'Aquila's claims necessarily fail. Likewise, to the extent that the Family Court Action determines that Ms. D'Aquila wrongfully removed funds belonging to Mr. D'Aquila, Ms. D'Aquila would likely be estopped from contesting that finding here. Thus, although Mr. D'Aquila asserts different theories of liability in this action, those liability theories ultimately depend upon the Family Court's application of South Carolina law.

On the other hand, only two <u>Colorado River</u> factors weigh against abstention: the fact that a federal forum is convenient to all parties, and the fact that Plaintiff cannot obtain full relief in the state court action. But, taken together, these factors cannot overcome the Court's strong need to defer to the Family Court Action, which Plaintiff commenced first, involves the same res, and may be issue-dispositive.

Rather, at most, these factors only weigh against the Court dismissing this litigation. The fact that this forum is convenient for all parties precludes dismissal on something akin to <u>forum</u> <u>non</u> <u>conveniens</u> grounds. And the fact that Plaintiff can obtain relief only from Ms. D'Aquila in the Family Court Action, and not the other Defendants, strongly suggests that Plaintiff might suffer prejudice from a dismissal.

But these factors do not inveigh against a stay. This forum will be equally convenient to the parties when the Family Court Action concludes. And Plaintiff will suffer little harm from waiting till that happens to pursue this action's claims. The relevant accounts have been frozen, and contain little (if any) funds in them, so a stay will not place any of Plaintiff's assets in jeopardy. (Compl. ¶¶ 32, 51 & Ex. C at 2; Pl. Opp. Br. at 6.) On the contrary, a stay might actually help <u>preserve</u> Plaintiff's assets, by reducing his litigation burden and any resulting attorneys' fees. After all, if the Family Court Action's decision ultimately precludes his claims here, a stay will prevent Plaintiff from fruitlessly expending money to litigate this action. <u>See</u> <u>generally</u> <u>Melnitzky v. HSBC Bank USA</u>, 33 A.D. 3d 482, 483, 823 N.Y.S. 2d 128, 129 (1st Dep't 2006) (collateral estoppel precluded action against bank concerning handling of safe deposit boxes, because prior matrimonial action already decided these claims). On the flip side, if Plaintiff

7

eventually prevails in the Family Court Action, in whole or in part, his victory might limit the Defendants' available defenses here--thereby limiting or avoiding protracted discovery and litigation.

At best, Plaintiff argues that, because he is 73 years old, he has a strong interest in having his claims adjudicated speedily. (Pl. Opp. Br. at 17.) And this is undoubtedly so. But it is unclear whether a stay will severely delay this case's outcome. Through discovery in the Family Court Action, Plaintiff has already obtained substantial information concerning the relevant bank account actions. Indeed, in terms of documentation, it is unclear what Plaintiff could obtain from the Englehardts or the Island Federal Credit Union that he cannot obtain from Ms. D'Aquila. So, once the Family Court Action concludes, there might not be much discovery left for this case. And the Family Court Action's outcome, whatever it is, could reduce most or all of this action to simple questions of law. Given all this, the Court finds that Plaintiff's age does not tip the scales against the Court ordering a <u>Colorado River</u> stay.

## CONCLUSION

Defendants' motions to dismiss, or, in the alternative stay this action are GRANTED insofar as this case is STAYED pending resolution of the previously filed state court action,

8

D'Aquila v. D'Aquila, Case No. 2009-DR-26-2916 (S.C. Family Court, County of Horry).

                                              SO ORDERED.

                                              /s/ JOANNA SEYBERT_____  
                                              Joanna Seybert, U.S.D.J.

Dated:    March \_\_21\_\_, 2011  
            Central Islip, New York